IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN ANTHONY DOUGLAS,

    Plaintiff,                   No. CIV S-09-3411 JAM KJM P

  vs.

M. MARTEL, et al.,

    Defendants.             <u>ORDER</u>

                        /

         Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

         Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action against defendants Soltanian and Heatley. However, plaintiff has failed to state a cognizable claim against the warden of Mule Creek State Prison, defendant Martel.[1]

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied without prejudice to the possibility of renewed consideration at a later stage in these proceedings.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

---

[1] When a named defendant to a prisoner's civil rights case holds a supervisory position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1978). The plaintiff must allege and have evidence to support a claim that the defendant either participated personally in the alleged deprivation, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d 642, 646 (9th Cir. 1989) (citations omitted); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).

1 The fee shall be collected and paid in accordance with this court's order to the Director of the
2 California Department of Corrections and Rehabilitation filed concurrently herewith.

       3. Service is appropriate for the following defendants: Soltanian and Heatley.

       4. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed December 8, 2009.

       5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

          a. The completed Notice of Submission of Documents;

          b. One completed summons;

          c. One completed USM-285 form for each defendant listed in number 3 above; and

          d. Three copies of the endorsed complaint filed December 8, 2009.

       6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

       7. Plaintiff's motion for the appointment of counsel (Docket No. 3) is denied without prejudice

DATED: May 3, 2010.

_____
U.S. MAGISTRATE JUDGE

4
doug3411.1a.new+31

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN ANTHONY DOUGLAS,

    Plaintiff,                          No. CIV S-09-3411 JAM KJM P

    vs.

M. MARTEL, et al.,                    <u>NOTICE OF SUBMISSION</u>

    Defendants.                  <u>OF DOCUMENTS</u>

_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____ completed summons form

        _____ completed USM-285 forms

        _____ copies of the _____
                                        Complaint/Amended Complaint

DATED:

                                                               _____
                                                               Plaintiff