IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYAN ANTHONY DOUGLAS,

        Plaintiff,                    No. CIV S-09-3411 JAM KJM P

vs.

SULTANIAN, et al.,

        Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. On May 3, 2010, the court ordered that service was appropriate for defendants Sultanian and Heatley, both of whom were officials at Mule Creek State Prison (MCSP) while plaintiff was housed there. Both defendants waived service, and they sought an extension of time in which to respond to the complaint. The court granted the extension through September 22, 2010. See Docket No. 16.

        On September 3, 2010, plaintiff filed an amended complaint adding numerous defendants and new factual allegations to his case. Defendants Sultanian and Heatley asked that they not be required to file a response to the original complaint until after the court screened the amended complaint under 28 U.S.C. § 1915A(a). See Docket No. 19.

/////

1

The original complaint alleges that plaintiff has certain food allergies that require a special diet and that defendants Sultanian and Healey refused to accommodate his dietary needs, thereby putting plaintiff's health at risk. The amended complaint alleges similar conduct by the newly named defendants while plaintiff was housed at San Quentin State Prison in Marin County and Salinas Valley State Prison in Monterey County. Both of those prisons are in the Northern District of California, and presumably all of the newly named defendants reside there. Plaintiff has added no new defendants from MCSP or any other prison in this district.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Although plaintiff's new allegations are similar to those in the original complaint, every transaction or occurrence forming the basis of plaintiff's new claims took place in the Northern District of California while plaintiff was incarcerated there, both before and after the events at MCSP. Those new claims therefore should have been filed in the United States District Court for the Northern District of California. Venue for those claims is improper here.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court finds that in this case dismissal without prejudice is warranted. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). In so ruling, the court makes no finding as to the cognizability of plaintiff's new claims under 28 U.S.C. § 1915A(a).

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The first amended complaint is dismissed without prejudice.

2. The motion to appoint counsel (Docket No. 18) is denied.

3. The motion for the court to screen the first amended complaint (Docket No. 19) is denied as moot.

4. Defendants Sultanian and Heatley have fourteen days from the date of this order in which to file a responsive pleading.

DATED: November 2, 2010.

_____
U.S. MAGISTRATE JUDGE

4
doug3411.ord